United States Bankruptcy Court
Northern District of Illinois
Eastern Division

In re:

William W Yotis III,

Debtor.

Bankruptcy No. 14-bk-2689

Chapter 13

### MEMORANDUM OPINION ON AVOIDANCE OF LIEN OF ANTHONY GASUNAS

William W. Yotis, ("Debtor") filed a petition seeking bankruptcy relief under Chapter 13 on January 29, 2014. On March 26, 2014 Debtor filed separate motions under 11 U.S.C. § 522(f)(1) to avoid six judicial liens which had allegedly attached to his home at 4635 Central Ave in Western Springs, Illinois (the "Property"), as assertedly impairing his exemption in his homestead under § 522(f)(1)(A) of the Bankruptcy Code. (Dkts. 63-68.) This opinion relates to the judicial lien asserted in favor of Anthony Gasunas ("Gasunas") by reason of a judgment in his favor. The other liens were avoided by orders entered on June 19, 2014. (Dkts. 163, 164, 165, 167, 170.)

As discussed in detail below, the Debtor and his wife Karen (not a debtor in this bankruptcy) together hold title to their home in Western Springs, Illinois as tenants by the entirety. That is, they hold the fee simple interest in that property as tenants by the entirety. To the extent that a judicial lien extends to their fee interest, that fee interest is fully exempt under Illinois law and the lien may be avoided. However, the tenancy by the entirety gives the Debtor individually certain other rights beyond their fee interest under Illinois law to which a judicial lien may attach in the future. Those possible future interests (consisting of (a) an interest as tenant in common in the event of divorce, (b) an interest as a joint tenant in the event that another homestead is established, and (c) a survivorship interest in the entire property in the event of the other tenant's death) would not be exempt to any extent. As to those possible future interests, Gasunas's lien cannot be avoided.

### UNDISPUTED FACTS

Anthony Gasunas lent nearly $50,000 to William Yotis, as evidenced by a promissory note dated June 24, 2010. The note called for repayment of $8,940 plus interest and fees incurred by Gasunas when Gasunas drew on a line of credit he had with Harris Bank on July 12, 2010, and a further $40,905 on August 30, 2010. The note further pledged as security "an assignment of wages and commissions," and also original art, and a comic book collection. The loan was never

repaid, nor was any of the collateral turned over. Gasunas sued on the debt in state court, and obtained a judgment for $52,345 on April 25, 2012.

The judgment was recorded with the Cook County Recorder of Deeds on February 5, 2013. With statutory post-judgment interest, the judgment has accrued to a balance of $60,531 as of the date Debtor's bankruptcy petition was filed.

No evidence as to the value of the Property was introduced or offered by either party. Debtor contends in Schedule A that the Property is worth $394,165 according to Zillow.com, a website that purports to track the value of real property.

Further findings of fact appear in the discussion below.

## DISCUSSION

### JURISDICTION

Jurisdiction lies over this motion to dismiss the adversary proceeding is provided by 28 U.S.C. § 1334. The matter is referred here by Internal Procedure 15(a) of the District Court for the Northern District of Illinois. This motion arises under §§ 506(a)(1) and 1322(b)(2) of the Bankruptcy Code, and is therefore core under 28 U.S.C. § 157(b)(2)(K). It seeks to determine the extent of a lien and therefore "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### § 522(f)(1) LIEN AVOIDANCE

Debtor's motion to avoid lien depends entirely on whether he is entitled to an exemption for a residence in which title is held by him and his wife as tenants by the entirety. Under 11 U.S.C. § 522(f)(1), "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is (A) a judicial lien." § 522(f)(1) [with exceptions not relevant here]. Section 522(b) provides an exemption for "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as tenant by the entirety or joint tenant to the extent that such interest as tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." § 522(b)(2)(B). That latter provision depends by its terms on whether a debtor's interest in property held by a tenancy in the entirety is exempt from lawful process under Illinois law.

#### 1. Illinois tenancy by the entirety

Illinois law recognizes tenancy by the entirety for real property held by a married couple and used as their homestead. 765 ILCS 1005/1c. Illinois law also provides:

2

> Any real property, any beneficial interest in a land trust, or any interest in real property ... held in tenancy by the entirety shall not be liable to be sold upon judgment ... against only one of the tenants, except if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due. However, any income from such property shall be subject to garnishment as provided in Part 7 of this Article XII, whether judgment has been entered against one or both of the tenants.

735 ILCS 5/12-112.

While the language of that statute is unambiguous as to property held in tenancy by the entirety, it does not address the possibility of a future change in interest of each individual spouse. "[S]tate law governs the validity of most property rights, and except when the bankruptcy code specifies otherwise, bankruptcy courts must apply the relevant state law." In re Jafari, 569 F.3d 644, 648 (7th Cir. 2009) (citing Butner v. United States, 440 U.S. 48, 54 (1979). Where the state's highest court has not ruled, a federal court must estimate how the state supreme court would rule. Liberty Mut. Fire Ins. Co. v. Statewide Ins. Co. 352 F.3d 1098 (7th Cir. 2003). "[T]he rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." State Farm Mut. Auto. Ins. Co. v. Pate, 275 F.3d 666, 669 (7th Cir. 2001).

On the one occasion the Illinois Supreme Court has discussed the meaning of tenancy by the entirety since its adoption by statute in Illinois, it held that "the tenancy by the entirety provision expressly includes its own standard to be used when a creditor challenges a transfer to that estate." Premier Property Mgm't, Inc. v. Chavez, 191 Ill. 2d 101, 109 (2000). Chavez overruled two conflicting cases in the state courts of appeal, In re Marriage of Del Giudice, 287 Ill. App. 3d 215 (1st Dist. 1997) (holding that the Illinois Uniform Fraudulent Transfer Act standard applied), and E.J. McKernan Co. v. Gregory, 268 Ill. App. 3d 383 (2d Dist. 1994) (holding that a conveyance by spouses into a tenancy by the entirety could not be avoided as fraudulent under any circumstances). Instead, in Chavez the Illinois Supreme Court applied statutory language as amended, noting that the legislature "added language explaining that this amendment 'is intended as a clarification of existing law and not as a new enactment.'" Premier Prop. Mgmt., Inc. v. Chavez, 191 Ill. 2d 101, 108 (2000) (citing 735 ILCS 5/12; 1997 Ill. Laws 5779). Even though the Illinois courts have spoken on when transfers into a tenancy by the entirety may be avoided as a fraudulent transfer, they have not spoken about the exact contours of the tenancy by the entirety. Bankruptcy courts applying Illinois law have come to divergent results, as have various appellate courts in other states in applying their own, possibly analogous, tenancy by the entirety laws.

3

Bankruptcy judges in this district have had different approaches as to what effect Illinois state law on tenancies in the entireties has on the availability of exemptions in bankruptcy: *In re Allard*, 196 B.R. 938 (N.D. Ill. 1996) (Squires, J.); *Contra In re Chinosorn*, 243 B.R. 688 (Bankr. N.D. Ill. 2000) (Wedoff, J., *rev'd on other grounds*, 248 B.R. 324 (N.D. Ill. 2000), reversal disapproved of in *In re Schoonover*, 331 F.3d 575 (7th Cir. 2003).).

In *In re Allard*, the opinion avoided a judicial lien on the ground that it impaired the debtor's exemption for entireties property. 196 B.R. at 407-8. It reasoned that "because under the Illinois statue the Debtor's Property cannot be sold upon the [creditor's] judgment, it is exempt [property]" under the Bankruptcy Code. *Id.* at 410. This follows because under Illinois state law, "where the right of sale cannot be asserted, the existence of the lien must be denied." *Id.* citing *Rochelle v. Laser*, 91 Ill. App. 3d 769, 774 (1st Dist. 1980). That opinion also rejected the creditor's argument that the entireties statute is not found within the Illinois exemptions statute (735 ILCS 5/12-901 et. seq.), looking instead to the practical effect of the entireties statute for deciding whether it creates an exemption. *Id.* The undersigned has agreed with the reasoning in *Allard*. *See In re Mukhi*, 246 B.R. 859, 862 (Bankr. N.D.Ill. 2000) and *In re Moreno*, 352 B.R. 455 (Bankr. N.D. Ill. 2006).

In *In re Chinosorn*, as in *Allard*, the debtor sought avoidance of a judicial lien because it impaired his exemption for entireties property. Judge Wedoff reasoned that a judgment against the debtor could have resulted in one of two possibilities: (1) that the judgment would give rise to a lien, if any, on the entireties property or (2) that the judgment would give rise to a lien on the debtor's contingent future interest in the entireties property.

Under the first possibility discussed by Judge Wedoff, where any lien would have attached to the entireties property, the *Chinosorn* opinion reasoned that Illinois law provides that no lien arises at all. This is because under Illinois law, "if property cannot be sold to satisfy a judgment, there can be no judgment lien against the property." *Id.* at 695 (citing *Lehman v. Cottrell*, 298 Ill. App. at 441). Since entireties property cannot be sold to satisfy a judgment against one spouse alone, no lien would attach to the entireties property. Thus, there was no reason to avoid a lien because no lien would have arisen in the first place.

Under the second possibility, Judge Wedoff's opinion reached the conclusion that a lien would have attached to the judgment debtor spouse's future contingent interest in the entireties property, as distinguished from the fee interest held as tenants by the entirety. The opinion interpreted the Illinois statutes establishing judgment liens and the tenancy by the entirety in a lengthy discussion:

4

> The basic provision establishing judgment liens in Illinois is 735 ILCS 5/12–101, which provides that "a judgment ... is a lien on the real estate of the person against whom it is entered ... from the time ... a memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located." For purposes of such judgment liens, "real estate" is broadly defined by 735 ILCS 5/12–105 to include "lands, tenements, hereditaments, and *all legal and equitable rights therein*, including estates for the life of the debtor or of another person" (emphasis added), so that all of the interests of a tenant by the entirety are within the "real estate" subject to judgment liens. The rights of an individual tenant by the entirety plainly include more than an undivided fee simple interest in the property with the other spouse. These rights include (1) a present interest in any rents or other income from the property (which the Illinois statute expressly makes subject to garnishment to satisfy the judgment of a creditor of only one tenant), and (2) several different types of contingent future interests, including (a) an interest as a tenant in common in the event of divorce, (b) an interest as a joint tenant in the event that another homestead is established, and (c) a survivorship interest in the entire property in the event of the other tenant's death. Although the property itself cannot be sold in fee simple to satisfy a judgment against only one of the tenants, nothing in Illinois law states that the contingent future interests of an individual tenant cannot be sold for that purpose, or that no lien attaches to these interests.
>
> To the contrary, where the Illinois legislature has determined that a judgment lien should not be created as to a debtor's interests in particular property, it has provided that the property is "exempt from judgment," 735 ILCS 5/12–901 (estate of homestead); 735 ILCS 5/12–1001 (specified personal property), or that it is not "subject to any lien," 820 ILCS 305/21 (workers' compensation award). In contrast to these provisions, which specifically negate the existence of all judgment liens applying to the debtor's interests in exempt property, the language of 735 ILCS 5/12–112 merely states that "real property ... held in tenancy by the entirety shall not be liable to be sold upon judgment ... against only one of the tenants," without negating any liens otherwise created by 735 ILCS 5/12–101.

Chinosorn, 243 B.R. at 695-6.

Although no Illinois court has decided whether a judgment lien can attach to a judgment debtor's contingent future interests in entireties property, the *Chinosorn* opinion suggested that the Illinois courts may so hold because it would be in line with decisions in Massachusetts and Rhode Island which have allowed attachment of liens but not execution on the property. *Id.* (citing *Peebles v. Minnis*, 402 Mass 282, 283 (1988); *Cull v. Vadnais*, 122 R.I. 249, 257-58 (1979). These cases articulated a policy of balancing the rights of creditors against the interest in protecting the other tenant's interest in a family home. *Id.* As discussed above, Illinois courts only recognize attachment of a lien when there is power of sale by execution. *Lehman v. Cottrell*, 298 Ill. App. 434, 441 (2d Dist. 1939).

5

Other states take different approaches. For example, Oregon courts have interpreted its tenancy by the entirety law to allow sale and execution of one spouse's interest in the tenancy in the entireties but not the underlying property held in the tenancy. *Ganoe v. Ohmart*, 121 Or. 203 (1927). North Carolina balances the interests of creditors and the nondebtor spouse by allowing a judgment against the debtor spouse to attach once the tenancy by the entirety ends. *L & M Gas Co. v. Leggett*, 273 N.C. 547, 551 (1968).

Debtor argues that the *Chinosom* reasoning was flawed because it failed to take into account the nature of a tenancy by the entirety, in which "both and each [owner] take the whole estate ... the entirety," citing *Lang v. Comm'r of Internal Revenue*, 289 U.S. 109, 111 (1933). If one tenant dies, debtor argues, the "survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from the participation of the other." *Id.* Debtor seems to argue that a lien could not attach to a contingent future interest because each spouse already has the whole. *Lang* was a tax case, and considered the effect of the right of survivorship of either a tenancy by the entirety or a joint tenancy. *Id.* at 112. In *Lang*, the Supreme Court ruled that even though a tenant by the entirety does not technically acquire any new property as a result of the death of the other spouse, being freed from the participation of the other owner-spouse was enough to trigger estate tax liability. *Id.* at 113. The other case cited by the debtor, *Lilly v. Smith*, came to the same result with regard to the gift tax. 96 F.2d 341, 344 (7th Cir. 1938).

If anything, reasoning in both cases cited by Debtor suggests following *Chinonsom* because those cases gave effect to federal statutes which are triggered merely by an entireties tenant "being simply freed from the participation of the other." *Lang*, 289 U.S. at 111. If the description "each takes of the whole" is given the meaning Debtor argues for (that one spouse taking the whole upon the death of the other is a legal nonevent) then "being freed of participation of the other spouse" could not be a predicate for imposition of tax liability in *Lang* or *Lilly*. Thus, the Supreme Court's definition of tenancy by the entirety whereby "both and each take of the whole estate ... the entirety," and description of the effect that "the survivor does not take as a new acquisition, but under the original limitation," *Lang* at 111, is a general description of a tenancy in the entirety. Neither case interprets the specific language of the Illinois entireties statute, so it is not self-evident what application the words "both and each take of the whole" should have here. Rather, specific provisions of state law, and the Tax Code as interpreted in *Lang*, give specific content to the tenancy. As seen above, a lien may attach to the entireties property, but without a power to sell as in Massachusetts or Rhode Island; it may attach only to a debtor's contingent interest as in Oregon,

6

with power to sell the contingent interest; or it may spring into existence once the tenancy by the entireties comes to an end, as it does in North Carolina or Federal tax law.

The divergence of treatment of the tenancy by the entirety in various states means that attention must be paid to law of the particular jurisdiction instead of generalities regarding the concept of tenancy by the entirety. The *Chinosorn* opinion on the effect of judgment lien on entireties property in Illinois begins with the broad definition of "real property" in the Illinois statute establishing judgment liens, 735 ILCS 5/12-101, which includes "all legal and equitable rights therein," which thus include contingent and future rights. 243 B.R. at 695. It then enumerates the present and contingent rights either spouse has in property held as entireties property by both spouses. *Id.* Next, it distinguishes the property held as tenants by the entirety – here the fee interest in the house – which 735 ILCS 5/12-101 provides "shall not be sold," from a spouse's individual contingent future interests, which no statute exempts from process. *Id.* at 695-96.

In contrast, the *Allard* opinion did not address the Illinois tenancy in the entirety except for relying on an Illinois appellate court decision for the proposition that Illinois law does not allow property held by the entirety to be attached by the creditors of only one spouse. 196 B.R. at 402 (citing *E.J. McKernan Co. v. Gregory*, 268 Ill. App. 3d 383, (2d Dist. 1994)). The *McKernan* opinion forbade the judicial sale of the actual home to satisfy the debts of only one spouse, but did not discuss what rights a judgment lien claimant may have against the debtor's contingent future interests. 268 Ill. App. 3d at 391. However, as discussed above, *McKernan* was concerned with a different issue, and then disagreed with by another Illinois appellate court decision, and overruled by the legislature with an amendment to the statute "declarative of existing law." *In re Mukhi* ruled that at the very least, a lien arose against the debtor's contingent future interest. 246 B.R. at 862 (citing *In re Chinosorn*, 243 B.R. at 694-95).

The *Tolson* opinion did not bolster the reasoning in *Allard*. *In re Tolson*, 338 B.R. 359 (C.D. Ill. 2005). If anything, the *Tolson* opinion's careful analysis of the statute supports the rationale in *Chinosorn*. As the debtor argues, *Tolson* favored the views expressed in *Allard* and *Mukhi* by stating that they are "supported by almost century-old cases, rendered at a time when the nature of the estate by entireties had long been settled." 338 B.R. 366. But the one century-old case cited, *Beihl v. Martin*, 236 Pa. 519 (1912), held that, under Pennsylvania law, the contingent future interest of an entireties tenant was itself real property that could be subject to a lien. 236 Pa. at 527.

The reasoning in *Chinosorn* is persuasive. When a creditor obtains judgment against either spouse of a married couple but not both jointly, the resulting judgment lien does not attach to the

7

fee interest in property held by the married couple as tenants by the entirety. However, the resulting judgment lien would attach against any interest either spouse holds or might individually hold in the future. In estimating how the Illinois Supreme Court would rule, it appears it would rule in accord with *Chinosorn*. First, in *Premier Property Management*, the Illinois Supreme Court stated that: "Tenancy in the entirety is an estate in real property provided for by the Joint Tenancy Act." *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 105 (2000) (citing 765 ILCS 1005/0.01 et seq.). There was extensive discussion in *Chavez* of the language in the tenancy in the entirety statute, but no discussion of the historical use of tenancy by the entirety. Nor was there discussion of the underlying policy goals of the legislature, contrary to the appellate court decisions it disregarded as inconsistent with the statute as amended. *Id.*; see *E.J. McKernan Co. v. Gregory*, 268 Ill. App. 3d 383, 391 (2d Dist. 1994) ("the only practical reason to hold a homestead in tenancy by the entirety is to shelter that property from the creditors of one spouse."); *In re Marriage of Del Giudice*, 287 Ill. App. 3d 215, 219 ("We need not appeal to Dickensian tales of small children hurled into the winter night by the rapacious creditors of one profligate parent to lend weight to legislative intent.") (Cahill, J. dissenting). The Oregon, North Carolina, Pennsylvania, and Federal tax cases discussed above at least show that allowing liens to attach to an individual spouse's contingent interests in entireties property is not inconsistent with some well-accepted interpretation of the meaning of the phrase, "both and each take the whole estate ... the entirety."

    Moreover, even if the Illinois Supreme Court were to hold the *McKernon* and the *Del Giudice* dissent's reasoning on the purpose of the statute to be persuasive, no "small children would be hurled into the winter night" under the *Chinosorn* interpretation of the tenancy in the entirety because nothing in *Chinosorn* suggests that creditors could reach the fee interest in the homestead as long as the marriage remains intact and the property is used as a homestead. The contingent future rights of one debtor spouse include the right to a joint tenancy if the property held in the entireties stops being used as a homestead, or as a tenant in common in case the marriage dissolves. 243 B.R. at 695. For example, suppose both spouses moved to a new home. Upon moving to their new home, the old home would no longer be homestead property, and title to it would be held in joint tenancy. A creditor of only one spouse would then be able to reach that spouse's interest in the joint tenancy, but only as a result of the decision of both spouses to sell. This is in accord with language of the tenancy by the entireties statute which provides that "any interest in real property ... held in tenancy by the entirety *shall not be liable to be sold upon judgment ... against only one of the tenants.*" 735 ILCS 5/12-112 (emphasis supplied).

8

Thus, under the reasoning in *Chinosorn*, which is the reasoning likely to be adopted by the Illinois Supreme Court if it is squarely presented with the issue, the judgment lien involved here does not attach to the fee interest presently held in tenancy by the entirety because under Illinois state law, where there is no power of sale, there is no lien. 243 B.R. at 695. It might, however, attach to one of the contingent possible future interests.

### 2. The scope of exemptions under § 522(b)(2)(B)

There are separate contingent future rights to the subject real property now held by each spouse individually, to which this creditor's lien does attach. Section 522(b)(2)(B) provides an exemption for "any interest in property in which the debtor had ... an interest as tenant by the entirety ... to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

As discussed above, under Illinois law, no lien arises on the fee interest held by tenants in the entirety. If a lien from a judgment against one spouse individually attaches as here to property held by both spouses as tenants by the entirety, it is exempt from process and may be and is here avoidable under § 522(f).

As for contingent future interests, the *Chinosorn* opinion gives some guidance, and its reasoning is correct. § 522(b)(2)(B) exempts entireties property "to the extent" state law presently exempts that property from process. *Chinosorn*, 243 B.R. at 700. However, when "state law allows a creditor with a claim against only one tenant by the entirety to pursue that tenant's contingent future interest in the entireties property, the exemption under § 522(b)(2)(B) has been held not to apply to those contingent interests." *Id.* (citing *Arango v. Third National Bank (In re Arango)*, 992 F.2d 611, 614 (6th Cir. 1993); *Community Nat'l Bank & Trust Co. v. Persky (In re Persky)*, 893 F.2d 15, 19 (2d Cir. 1989)).

*Mukhi* and *Tolson* reach the opposite result. *Mukhi* concludes that "under Illinois law ... there is an exemption for property held in tenancy by the entirety even when here the debt at issue is a debt of only one tenant," without considering whether the distinction between the fee interest held in the tenancy by the entirety and the individual spouse's possible future individual interest. 246 B.R. at 864. Likewise, *Tolson* reasons that in Illinois, "entireties property is exemptible under § 522(b)(2)(B) to the extent of individual debts, but not to the extent of joint debts." 338 B.R. at 370. Both opinions are correct as to existing interests in entireties property, but as *Chinosorn* explains, an individual spouse's contingent future interest can be attached when that interest arises because it is not part of entireties property for the purposes of § 522(b)(2)(B). Therefore, any

9

future interest that may be held by either tenant alone, such as the contingent future interests, is not exempt at all.

### 3. Lien avoidance under § 522(f)(1)

Section 522(f)(1) allows the avoidance of a judicial lien, except for a judicial lien relating to a domestic support obligation "to the extent that such lien impairs an exemption to which the debtor would have been entitled." § 522(f)(1)(A). A lien is:

> considered to impair an exemption to the extent that the sum of
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

§ 522(f)(2).

Here, as to the fee simple interest in the Property held in the tenancy by the entirety, the amount of the exemption is unlimited, so the exemption covers the entirety of the debtor's interest in the property. Thus, the sum of the amount of the exemption and the lien exceeds the value of the debtor's interest in the property in the absence of any liens, and any lien as to present interests of the judgment debtor and his wife in entireties property may be avoided.

However, as to future interests held by the Debtor individually as a result of the tenancy by the entirety, liens may not be avoided because they are not avoidable because they are not exempt. Those contingent interests include, as discussed above:

> (1) a present interest in any rents or other income from the property (which the Illinois statute expressly makes subject to garnishment to satisfy the judgment of a creditor of only one tenant), and (2) several different types of contingent future interests, including (a) an interest as a tenant in common in the event of divorce, (b) an interest as a joint tenant in the event that another homestead is established, and (c) a survivorship interest in the entire property in the event of the other tenant's death.

Chinosorn, 243 B.R. at 695.

Debtor will now be able to enjoy his exemption to the fullest extent that the Illinois law allows property to be held as entireties property: as long as the spouses remain married and use the underlying property as the homestead. As long as that remains the case, no creditor of either spouse individually will be able to execute against the home held as tenants by the entirety. However, creditors of each spouse individually retain their judgment liens against each individual spouse's interest that may arise.

10

### 4. Uncivil rhetoric of Debtor's counsel

In Debtor's reply brief, Debtor's attorneys suggests (but does not move for) sanctions under Rule 9011, F.R. Bankr. P., saying "Gasunas has filed a document, signed by his attorney, devoid of any reasonable 'belief...'" (citing F.R. Bankr. P. 9011). (at 7.) While Debtor's attorneys are correct that Gasunas's cases are at best only tangentially related to the avoidance of judicial liens, they do themselves no favors with their rhetoric. The reply brief states "Gasunas begins by laughably claiming that ... without apparently recognizing his folly in quoting a case ..." (at 5.) The brief goes on to characterize "Gasunas' embarrassing failure to comprehend the basic issues involved." (at 6.) The response brief is further characterized as "confused and erroneous ramblings." (at 7.) The response said "The result of the *Allard* and *Mukhi* decisions is to perversely (but unintentionally) allow only benefits to a debtor but not the concomitant burdens ..." (Response at 6), Debtors attorneys responds that "his characterization of the *Allard* and *Mukhi* decisions as unintentionally perverse demonstrate only his lack of serious thought as to these issues."

Neither the Seventh Circuit nor the undersigned approve of this language. As a recent Seventh Circuit opinion warned, "We take this opportunity to caution the parties and the bar that they should not lightly label their opponents' arguments as frivolous. As our sister circuit said recently:

> There are good reasons not to call an opponent's arguments "ridiculous"....
> The reasons include civility; the near-certainty that over-statement will only
> push the reader away ...; and that, even where the record supports an
> extreme modifier, the better practice is usually to lay out the facts and let
> the court reach its own conclusions.

*First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 779 (7th Cir. 2013) (citing *Bennett v. State Farm Mut. Auto. Ins. Co.*, 731 F.3d 584, 585 (6th Cir. 2013)).

Any repeated use of uncivil rhetoric by these attorneys may be considered for reference to the Attorney Registration and Disciplinary Commission to recommend a requirement for further education of counsel.

### CONCLUSION

For the foregoing reasons, Debtor's motion to avoid the lien of Anthony Gasunas will be granted in part and denied in part. A separate order will be entered avoiding any lien that Anthony Gasunas now holds against the fee interest in property at 4635 Central Ave. in Western Springs, Illinois held by the debtor through tenancy by the entirety. However, the judgment obtained by

Gasunas against Debtor continues to give rise to a lien against Debtor's possible future individual interests in the Property, including any contingent future interests. Those possible interests are not exempt under state law, and therefore to the extent that Debtor seeks to avoid the lien on his individual contingent future interests, the motion to avoid lien will be denied.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated August 28, 2014