United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>William W Yotis, III<br><br>Debtor. | Case No. 14 B 02689<br><br>Chapter 13 |

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO DETERMINE POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES

Debtor has filed a motion seeking determination of the extent to which postpetition fees and expenses claimed by Oxford Bank and Trust ("Oxford") pursuant to Rule 3002.1, Fed. R. Bankr. P., are required by the underlying agreement and applicable law to cure default on Debtor's home mortgage as provided in 11 U.S.C. § 1322(b)(5). In accordance with § 1322(b)(5), Debtor's confirmed chapter 13 plan provides for maintenance of current mortgage payments and payment of all arrears in order to cure default during the life of the plan. Oxford filed Notice of Postpetition Fees, Expenses, and Charges in accordance with Rule 3002.1(c) aggregating $40,934.45 in attorney fees and other expenses claimed to have been incurred on Debtor's mortgage account during the six-month period following Debtor's bankruptcy filing. Debtor's motion, filed pursuant to Rule 3002.1(e), argues that the fees and expenses charged are excessive in light of the proceedings giving rise to the claimed charges, and questions particular charges as duplicative or not otherwise reasonable under 11 U.S.C. § 506(b).

For reasons stated below, fees and other charges claimed by Oxford in its Notice of Postpetition Fees, Expenses, and Charges will be disallowed, in part, by separate order.

## BACKGROUND

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et al.*, on January 29, 2014 (the "Petition Date"). Oxford holds a mortgage on Debtor's personal residence located in Western Springs, Illinois, which Debtor owns with his non-filing spouse as tenants by the entirety. Prior to the Petition Date, Oxford had obtained a judgment of foreclosure and sale against Debtor and his wife. Debtor's bankruptcy petition was filed before the foreclosure sale took place in state court.

Oxford filed a motion seeking relief from the automatic stay with respect to Debtor's personal residence shortly after the Petition Date, on February 4, 2014. (Dkt. 20.) On February 12, 2014, an order was entered dismissing the motion without prejudice for failure to attach the required cover sheet and information set forth therein, following a hearing held that same day. (*see* Dkt. 37.) At the hearing, the court suggested that Oxford reconsider the relevance and propriety of including several pages of information detailing past alleged but unrelated misconduct by Debtor, which bore no relation to the grounds for lifting the stay argued in the motion.

Oxford refiled its motion for relief from stay that same day, on February 12, 2014, along with the required cover sheet, and excluding parts describing the foregoing alleged unrelated misconduct by Debtor that had been included in its original motion. (*See* Dkt. 31, 32.) The rest of the motion remained largely unchanged. Oxford primarily argued that Debtor lacked equity in the collateral because junior liens encumbering the property far exceeded the value of the collateral. (*See* Dkt. 31)

On February 21, 2014, Oxford filed proof of claim for $200,824.07 secured by a mortgage on Debtor's home, which Oxford estimated to be valued at between $300,000 and $350,000. (*See* Claim 3-1.)

On March 6, 2014, Debtor filed a response to Oxford's motion for relief from stay, arguing that Oxford's mortgage was adequately protected by substantial value of the collateral, which Debtor's schedules valued at $394,165. (*See* Dkt. 52.) Debtor's response disputed the extent of junior liens, arguing that most were avoidable to the extent they impaired Debtor's claimed exemptions, or were otherwise invalid. Oxford filed a reply in support of its motion to lift stay on March 12, 2014. (Dkt. 59.)

At a subsequent hearing held on March 19, 2014, an evidentiary hearing was scheduled to determine the value of Debtor's home. (Dkt. 60.) On March 26, 2014, Debtor filed motions to avoid six liens claimed by judgment creditors on Debtor's home. (*see* Dkts. 63-68.) During evidentiary proceedings on valuation of Debtor's home, Oxford obtained an appraisal and the parties stipulated that the value of the property securing Oxford's claim

was $400,000. Oxford's motion to lift the stay was subsequently continued to be determined along with Debtor's motions to avoid liens, with the stay to remain in effect.

On June 19, 2014, the court granted Debtor's motions to avoid five liens claimed by creditors on Debtor's home. (Dkts. 163-65, 167, 170.) The stay was ordered to remain in effect until further order, pending disposition of Debtor's last motion to avoid lien. (Dkt. 168.) Oxford's motion for relief from stay was denied on September 15, 2014. (Dkt. 213.) Debtor's modified chapter 13 plan (Dkt. 202) was confirmed on September 17, 2014. (Dkt. 218.)

## DISCUSSION

### I. JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (K), and is referred here under Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper under 28 U.S.C. § 1409(a).

### II. DETERMINATION OF AMOUNTS NEEDED TO CURE DEFAULT

Debtor's motion pursuant to Rule 3002.1(e) requires determination of extent to which postpetition attorney fees and expenses asserted by Oxford as due on account of the mortgage are required to be paid in order to cure default under Debtor's confirmed plan. Rule 3002.1 sets forth procedures applicable in chapter 13 cases to claims to that are (1) secured by the debtor's personal residence, and (2) provided under 11 U.S.C. § 1322(b)(5) in the plan. Fed. R. Bankr. P. 3002.1(a). The claim held by Oxford is secured by a mortgage on Debtor's home, and is treated as a § 1322(b)(5) claim under Debtor's confirmed plan. (*See* Dkts. 202.)

#### A. Curing Default Under 11 U.S.C. § 1322(b)(5)

Pursuant to 11 U.S.C. § 1322(b)(5), a debtor can cure prepetition defaults on long-term debt, including a residential mortgage, by paying all arrearages during the life of the plan. Under this provision, a chapter 13 plan may:

> [P]rovide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured or secured claim on which the last payment is due after the date on which the final payment under the plan is due . . . .

11 U.S.C. § 1322(b)(5). The ability to cure default under § 1322(b)(5) is specifically exempted from the otherwise applicable prohibition on modification of residential mortgages under § 1322(b)(2). *See* 11 U.S.C. §§ 1322(b)(2), (5); *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 330 (1993) (noting that "§ 1322(b)(5) permits the debtor to cure prepetition defaults on a home mortgage by paying off arrearages over the life of the plan 'notwithstanding' the exception in § 1322(b)(2)."). Moreover, the right to cure a default on a residential mortgage under § 1322(b)(5) is statutorily provided to extend "until such residence is sold at a foreclosure sale . . ." despite contrary provisions in the mortgage or governing state law. 11 U.S.C. § 1322(c)(1) (providing extension of right to cure "notwithstanding [§ 1322(b)(2)] and applicable nonbankruptcy law . . . ."); *see Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 920 (7th Cir. 2003) (noting that the right to cure under § 1322(c)(1) is broader than Illinois law requires).

In order to avail himself of the protections afforded by § 1322(b)(5), Debtor must satisfy two conditions: (1) cure arrearages and (2) maintain payments due on his mortgage while the case is pending. *See* 11 U.S.C. § 1322(b)(5). Because debts provided for under § 1322(b)(5) are expressly excepted from discharge upon completion of obligations under the plan, collection rights provided for under the mortgage are fully applicable unless default is cured under the plan. *See* 11 U.S.C. § 1328(a)(1). Accordingly, § 1322(e) specifies that where a plan proposes to cure a default, "the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." *See* 11 U.S.C. § 1322(e) (which is applicable "notwithstanding" §§ 1322(b)(2) (authorizing modification of rights of holders of secured claims), 1322(b)(5) (authorizing cure of defaults), and 506(b) (governing the rights of oversecured creditors to interest, fees and expenses).

In accordance with those provisions, Debtor's confirmed Plan provides for disbursement of current mortgage payments to Oxford payable in accordance with the terms

4

of the mortgage. (Plan, Sec.E.2(a).) The Plan specifies that the mortgage is treated in accordance with § 1322(b)(5) and is not terminated. Mortgage arrearages are provided for separately, and are subject to reduction by consent or by court order. (Plan, Sec.E.5(a)) The Plan further specifies that postpetition costs mortgage may be added to mortgage arrearage amounts. (Plan, Sec.B.2(b).)

### B. Procedure Governing Determination of Postpetition Arrearages

Pursuant to Rule 3002.1(c), creditors are required to give notice of fees, expenses, and charges that were incurred postpetition in connection with the claim, and that creditor asserts are recoverable against debtor or debtor's personal residence. Notice must be served within 180 days after costs were incurred, Fed. R. Bank. P. 3002.1(c), and filed as a supplement to the proof of claim using the designated official form, Fed. R. Bank. P. 3002.1(d). Unlike a proof of claim, however, this supplement is not deemed prima facie valid. *See* Fed. R. Bank. P. 3002.1(d); Fed. R. Bank. P. 3001(f)).

On July 8, 2014, Oxford filed notice of postpetition mortgage fees, expenses and charges in accordance with Rule 3002.1(c). Debtor does not dispute Oxford's compliance with notice procedures under this rule, as it appears that the claims did all arise during the prior 180 days. Oxford thereby asserts an additional $38,413.70 in attorney fees and $2,520.75 in expenses as recoverable against Debtor or his principal residence.

Under Rule 3002.1(e), the debtor or trustee may contest amounts included in the notice of charges filed by a creditor under Rule 3002.1(c) within one year of service of the notice by motion. Fed. R. Bank. P. 3002.1(e). If such contest is filed by motion, "the court shall, after notice and a hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with [11 U.S.C. § 1322(b)(5)]." Fed. R. Bank. P. 3002.1(e).

Debtor filed his pending motion on July 8, 2015 seeking determination of mortgage fees and expenses pursuant to Rule 3002.1(e). (Dkt. 265.) Specifically, Debtor seeks determination of:

> [T]he extent to which the fees and expenses aggregating $40,934.45 itemized on Oxford's Notice of Post-Petition Mortgage Fees, Expenses

5

> and Charges were "incurred in connection with the claim," are "recoverable against the debtor or against the debtor's principal residence," and are "required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5)" and the requirements of § 506(b).

Debtor's Motion, at 6. In accordance with a scheduling order entered on September 2, 2015 (*see* Dkt. 279), Debtor supplemented his motion to identify specific parts of Oxford's fees and expenses objected to (Dkt. 283). There followed a Response to Debtor's motion by Oxford (Dkt. 284) and Debtor's Reply in support of his motion (Dkt. 285).

Oxford subsequently filed a motion for leave to file a sur-reply to Debtor's motion (*see* Dkt. 286), which was granted by the court with leave for Debtor to respond (Dkt. 290). Debtor filed its response in accordance with that order. (Dkt. 289.)

### C. Timeliness of Debtor's Motion

Oxford's sur-reply argues that Debtor's pending motion objecting to fees and expenses should be denied as untimely. (Dkt. 288.) Oxford concedes that Debtor's motion was filed within the one-year period provided in Rule 3002.1(e), but argues that the motion was dismissed as moot and not reinstated until after the one-year period had passed. However, dismissal of Debtor's motion was vacated by court order, and the motion reinstated. Accordingly, Debtor's motion is deemed timely filed. Oxford points to no relevant authority or evidence on the record to warrant a ruling concluding otherwise. Therefore, the merits of Debtor's motion will be evaluated.

### III. POSTPETITION FEES AND EXPENSES NEEDED TO CURE DEFAULT

Debtor does not dispute that the underlying mortgage agreement provides for recovery of attorney fees and expenses, but challenges the reasonableness of the charges asserted by Oxford under § 506(b). As earlier discussed, § 1322(e) explicitly excepts consideration of § 506 in determining amounts necessary to cure default pursuant to § 1322(b)(5). *See* 11 U.S.C. § 1322(e); *Deutsche Bank Nat. Trust Co. v. Tucker*, 621 F.3d 460, 463-65 (6th Cir. 2010) (discussing the plain meaning of § 1322(e), enacted in 1994, and noting that the legislative history was consistent with the plain meaning of the provision); *In re McMullen*, 273 B.R. 558, 561 (Bankr. C.D. Ill. 2001) (noting that under § 1322(e), "the

Bankruptcy Court must put itself in the shoes of the state court judge and determine whether the requested fees and costs should be awarded under Illinois law."). Rule 3002.1(e) reinforces this standard by explicit reference to the underlying agreement and applicable nonbankruptcy law.

### A. Mortgage Agreement and Illinois Law Govern Determination of Amounts Necessary to Cure Default in Accordance with § 1322(b)(5)

Debtor has challenged the reasonableness of fees and expenses asserted by Oxford based on cases decided before § 1322(e) was enacted, and § 506(b). *See, e.g., In re Wire Cloth Prods., Inc.,* 130 B.R. 798, 814 (Bankr.N.D.Ill.1991); *In re Pettibone Corp.,* 74 B.R. 293, 309-10 (Bankr. N.D. Ill. 1987). As discussed before, these standards are inapplicable under § 1322(e) and Rule 3002.1(c). Instead, determination of fees and expenses depend on terms of the mortgage agreement and applicable nonbankruptcy law governing enforcement of the mortgage agreement. However, the standard used by bankruptcy courts under § 506(b) (permitting an oversecured creditor to recover "reasonable fees, costs, or charges provided for under the agreement under which such claim arose.") will not significantly differ from the standard used by Illinois state courts.

Oxford's mortgage, attached to Oxford's Proof of Claim, is governed by Illinois law, the jurisdiction where the property is located. *See* ¶ 15 ("Governing Law; Severability. This Security Instrument shall be governed by federal law and the law [sic] jurisdiction in which the property is located. . . ."). The mortgage includes a provision giving Oxford a right to recover expenses incurred in pursuing its rights upon default, including the right to seek judicial foreclosure and sale of the property, as provided in paragraph 21 of the mortgage agreement. *See* ¶ 21 ("Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in parag . . . 21 [part of text missing], including, but not limited to, *reasonable attorneys' fees and costs of title evidence.*") (emphasis added).

Illinois Mortgage Foreclosure Law provides that attorney fees and other costs incurred in connection with the foreclosure suit is recoverable only to the extent provided for in the mortgage or other governing Illinois mortgage law provisions. *See* 735 ILCS 5/15–

7

1510.[1] Oxford's mortgage allows for recovery of attorney fees incurred in pursuing remedies following default, but recovery includes only reasonable attorney fees. *See* Mortgage ¶ 21; *see also* Judgment of Foreclosure and Sale, at ¶ 8 (interpreting mortgage agreement and finding "[t]hat under the provisions of said mortgage, the costs of foreclosure and *reasonable attorneys' fees* are an additional indebtedness for which the Plaintiff should be reimbursed and that such indebtedness and reasonable attorneys' fees are hereby allowed to the Plaintiff.") (emphasis added) (attached to Oxford's Proof of Claim 3-1).

Under Illinois law, "[t]he party seeking the fees has the burden of presenting the court with sufficient evidence from which it can determine the reasonableness of the fees." *McMullen*, 273 B.R. at 561 (citing *J.B. Esker & Sons, Inc. v. Cle–Pa's Partnership*, 757 N.E.2d 1271 (Ill. App. Ct. 2001)). This includes "the identity of the attorney providing the legal services, an itemization of the time expended for the individual service, and the hourly rate charged." *Id.* Reasonableness is a question left to the discretion of the trial court and may be informed by the court's own knowledge and experience. *Id.* (citing *Selvy v. Beigel*, 723 N.E.2d 702 (Ill. App. Ct. 1999)).

### B. Oxford's Claimed Attorney Fees and Expenses

Debtor filed no particularized objection to the $1,250.00 expense in connection with appraisal of the value of Debtor's home. However, Debtor objects to Oxford's other itemized fees and expenses as not incurred in connection with Debtor's claim and therefore not recoverable against Debtor or Debtor's property.

---

[1] Pursuant to § 15-1510:
   (a) The court may award reasonable attorney's fees and costs to the defendant who prevails in a motion, an affirmative defense or counterclaim, or in the foreclosure action. A defendant who exercises the defendant's right of reinstatement or redemption shall not be considered a prevailing party for purposes of this Section. Nothing in this subsection shall abrogate contractual terms in the mortgage or other written agreement between the mortgagor and the mortgagee or rights as otherwise provided in this Article which allow the mortgagee to recover attorney's fees and costs under subsection (b).
   (b) Attorneys' fees and other costs incurred in connection with the preparation, filing or prosecution of the foreclosure suit shall be recoverable in a foreclosure only to the extent specifically set forth in the mortgage or other written agreement between the mortgagor and the mortgagee or as otherwise provided in this Article.

8

*1. Motion by Another Creditor*

Oxford asserts $412.50 in attorney fees, asserting 1.5 hours of attorney time, in connection with a court hearing on another secured creditor's claim to lift the automatic stay against Debtor's vehicle on June 18, 2014. Debtor argues this fee does not reasonably relate to Oxford's interest and should be disallowed. The court agrees. Debtor's response does not give a reason why attendance of this hearing was necessary or why this fee is recoverable against Debtor or Debtor's property. Accordingly, the court cannot conclude that this charge is required by the mortgage agreement to cure default in accordance with § 1322(b)(5), and the $412.50 charge will not be allowed as part of Oxford's postpetition fees and expenses.

*2. Motions to Avoid Other Creditor Liens*

Debtor objects to attorney fees claimed in connection with time expended by Oxford's attorney in connection with Debtor's motions to avoid other creditor liens. As previously noted, Debtor's motion to lift stay argued that Debtor lacked any equity in the collateral due to attachment of several judicial liens. However, Oxford's claim for fees for work alleged to have been performed in keeping up to date with other developments in the case is not necessary to advance Oxford's interest in its motion to lift stay, especially when Oxford's motion was fully briefed and the only issue left for the parties to resolve was determining the value of the collateral. (*See* Dkts. 59 (Oxford's Reply filed on March 12, 2014), 60 (order scheduling evidentiary hearing to determine value of collateral on March 19, 2014)).

Oxford asserts various fees and expenses in connection with the various motions to avoid liens (filed by Debtor on March 26, 2014 (*see* Dkts. 63-68.)), but its attorney did not participate substantively in these matters. The following charges are found and held not to be reasonable attorney fees incurred in connection with Debtor's claim, or costs that fall within the allowance for reasonable attorney fees under the mortgage:

| Date | Time | Description | Amount |
|---|---|---|---|
| 3/26/2014 | 0.5 hours @ $275.00/hour | analyze and review Debtor's five motions to avoid liens | = $137.50 |
| 3/26/2014 | 1.3 hours @ $275.00/hour | analyze case law REDACTED and outline response in opposition thereto | = $357.50 |

9

| Date | Hours/Rate | Description | Amount |
|---|---|---|---|
| 3/26/2014 | 1.0 hours @ $250.00/hour | review and analyze Debtor's motions to avoid liens | = $250.00 |
| 3/27/2014 | 3.5 hours @ $275.00/hour | outline and draft responses to six motion to avoid liens | = $962.50 |
| 3/27/2014 | 2.0 hours @ $250.00/hour | legal research re lien motions; outline response | = $500.00 |
| 4/2/2014 | 1.5 hours @ $275.00/hour | court appearance re: lien avoidance motions | = $412.50 |
| 4/4/2014 | 0.7 hours @ $275.00/hour | telephonic conference and emails with attorney for junior creditor (Gasunas) re: debtor's lien avoidance motion | = $192.50 |
| 4/8/2014 | 0.3 hours @ $275.00/hour | analyze Service Construction response to lien avoidance motion | = $82.50 |
| 4/9/2014 | 0.5 hours @ $275.00/hour | analyze Gasunas's response to lien avoidance motion | = $137.50 |
| 4/25/2014 | 1.5 hours @ $275.00/hour | attend court hearing on lien avoidance motions | = $412.50 |
| 5/8/2014 | 0.4 hours @ $275.00/hour | telephonic conference with junior creditor re: defenses to lien avoidance | = $110.00 |
| 6/5/2014 | 0.4 hours @ $275.00/hour | telephonic conference with counsel for junior lien re: lien avoidance motion | = $110.00 |
| 6/5/2014 | 1.5 hours @ $275.00/hour | analyze case law re: REDACTED | = $412.50 |
| 6/11/2014 | 0.3 hours @ $275.00/hour | tel conf w counsel for junior lien re June 10 hearing | = $82.50 |
| 6/19/2014 | 1.5 hours @ $275.00/hour | court hearing on debtor lien avoidance motions | = $412.50 |
| | | TOTAL | $4,572.50 |

*3. Clerical Tasks*

Debtor objects to 2.1 hours asserted at a lower rate of $150/hour as overhead that should not be part of attorney fees allowed. The entries concern time spent in obtaining and reviewing certified copies of liens and filing electronic documents. Oxford argues that the costs are billed at a lower rate by paralegals, not an attorney. The court finds those costs to fall within those generally authorized by ¶ 21 of the mortgage and that are sufficiently reasonable under the circumstances to protect Oxford's interest during the bankruptcy case. The objections thereto are overruled.

10

### 4. *Foreclosure Related Charges*

Debtor objects to .80 hours incurred in connection obtaining and cancelling documents related to the foreclosure proceedings stayed by Debtor's bankruptcy filing, in addition to a $450 expense for obtaining minutes of foreclosure. However, those fees and expenses are allowed as reasonable in accordance with the terms in ¶ 21 of the mortgage.

### 5. *Objection to Debtor's Plan*

Oxford billed 10.6 hours for work performed in drafting an objection to Debtor's plan. Oxford did not file an objection to the Debtor's plan and its claim was proposed (and required) to be treated pursuant to § 1322(b)(5). These charges for drafting the unused plan objections are not part of reasonable attorney fees incurred in connection with Oxford's claim. The following fees are disallowed:

| Date | Hours/Rate | Description | Amount |
|---|---|---|---|
| 2/12/2014 | 0.5 hours @ $275.00/hour | outline objection to plan | = $137.50 |
| 3/17/2014 | 5.3 hours @ $275.00/hour | outline and draft objection to plan | = $1,457.50 |
| 3/18/2014 | 3.9 hours @ $250.00/hour | continue drafting objection; multiple emails | = $1,072.50 |
| 5/29/2014 | 0.9 hours @ $275.00/hour | outline objection to plan; correspondence with debtor's counsel | = $247.50 |
| | | TOTAL | $2,915.00 |

### 6. *Transmittal of Mortgage Payments*

Debtor objects to entries totaling 1.1 hours billed, in part, by Oxford's attorney at a rate of $275 per hour, and subsequently at a lower rate of $150 per hour by a paralegal for time spent drafting letters to Oxford and enclosing mortgage payments. Debtor argues these charges are clerical and are part of an attorney's overhead. The court agrees. The tasks at issue do not constitute legal services or justify attorney or paralegal billing. There appears to be no reason why the task of submitting payment to Oxford should require drafting new correspondence or take up billable attorney or even paralegal time. The following entries are disallowed:

| Date | Hours/Rate | Description | Amount |
|---|---|---|---|
| 2/12/2014 | 0.2 hours @ $275.00/hour | draft letter to client enclosing checks | = $55.00 |

| | | | |
|---|---|---|---|
| 4/15/2014 | 0.3 hours @ $150.00/hour | correspondence to client with mortgage payment | = $45.00 |
| 5/20/2014 | 0.3 hours @ $150.00/hour | correspondence to client with mortgage payment | = $45.00 |
| 7/3/2014 | 0.3 hours @ $150.00/hour | correspondence to client with mortgage payment | = $45.00 |
| | | TOTAL | $190.00 |

### 7. *Proof of Claim*

Debtor challenges legal expenses claimed by Oxford in connection with preparing Oxford's proof of claim as excessive. Oxford bills 4.7 hours of attorney ($275.00 per hour rate) and paralegal time ($140 or $150 per hour rate) for work related to filing proof of claim:

| | | | |
|---|---|---|---|
| 2/12/2014 | 0.5 hours @ $275.00/hour | prepare proof of claim | = $137.50 |
| 2/13/2014 | 0.9 hours @ $275.00/hour | prepare schedules to proof of claim | = 247.50 |
| 2/13/2014 | 0.8 hours @ $140.00/hour | draft proof of claim and addendum and calculate fees and costs, gather exhibits | = $112.00 |
| 2/19/2014 | 1.5 hours @ $140.00/hour | generate fee report, calculate claim, draft proof of claim attachment, update amounts | = $210.00 |
| 2/21/2014 | 0.7 hours @ $275.00/hour | Finalize and file proof of claim | = $192.00 |
| 2/21/2014 | 0.3 hours @ $140.00/hour | Convert proof of claim and exhibits and file with court; obtain stamped copy, email to attorney | = $42.00 |
| | | TOTAL | $941.00 |

Those charges are not excessive in light of the routine nature of the tasks. The amount of Oxford's claim or its priority was never at issue in this case, and Debtor's schedules estimated the value of Oxford's claim to be slightly in excess of the amount that was ultimately included in Oxford's proof of claim. However, claims must be accurate and accuracy requires care. Legal fees billed for filing proof of claim are not excessive in light of the task and the value provided.

Therefore, fees for $941.00 related to filing proof of claim are allowed as part of Oxford's claim.

### 8. *Unspecified Tasks and Expenses*

Debtor challenges legal fees lacking sufficient description to assess the nature of the services provided, as well as expenses assessed without reference to how they relate to Oxford's claim. Oxford has failed to respond or explain what these fees and expenses relate to. Because the court has no basis to determine whether the services provided and the expenses incurred are allowed by Oxford's mortgage, they will be disallowed in full:

| Date | Hours/Rate | Description | Amount |
|---|---|---|---|
| 1/30/2014 | 0.2 hours @ $275.00/hour | draft correspondence re: REDACTED | = $55.00 |
| 1/30/2014 | 0.4 hours @ $275.00/hour | multiple tel calls re: same | = $110.00 |
| 1/31/2014 | 0.5 hours @ $275.00/hour | multiple emails to and from REDACTED | = $137.50 |
| 2/10/2014 | 0.2 hours @ $275.00/hour | draft REDACTED | = $55.00 |
| 2/14/2014 | Exp. | FedEx expense | = $15.03 |
| 3/12/2014 | Exp. | FedEx expense | = $27.03 |
| 4/7/2014 | 0.2 hours @ $275.00/hour | draft corresp with client re: REDACTED | = $55.00 |
| 4/8/2014 | 0.3 hours @ $275.00/hour | multiple emails with client re: REDACTED | = $82.50 |
| 4/15/2014 | Exp. | FedEx expense | = $16.68 |
| 4/17/2014 | Exp. | FedEx expense | = $15.03 |
| 4/30/2014 | Exp. | copy expense | = $38.55 |
| 4/30/2014 | 0.2 hours @ $275.00/hour | email to client re: REDACTED | = $55.00 |
| 4/30/2014 | 0.3 hours @ $275.00/hour | email to client re: REDACTED | = $82.50 |
| 4/30/2014 | 0.3 hours @ $275.00/hour | email to client re: REDACTED | = $82.50 |
| 4/30/2014 | 0.3 hours @ $275.00/hour | email to client re: REDACTED | = $82.50 |
| 5/22/2014 | Exp. | FedEx expense | = $14.96 |
| | | TOTAL | $924.78 |

### 9. *341 Meeting*

Debtor objects to 4.2 hours of legal services claimed for preparing for and attending Debtor's 341 meeting. Debtor argues this time is excessive and should be reduced. The following itemized attorney fees are at issue:

| Date | Hours/Rate | Description | Amount |
|---|---|---|---|
| 3/5/2014 | 0.9 hours @ $275.00/hour | prepare outline for 341 examination | = $247.50 |

13

| | | | |
|---|---|---|---|
| 3/10/2014 | 1.9 hours @ $275.00/hour | prepare for 341 examination | = $522.50 |
| 3/10/2014 | 1.4 hours @ $275.00/hour | take oral examination at 341 meeting | = $385.50 |
| | | TOTAL | $1,155.50 |

There has been no showing that the time billed for attorney preparation to attend a 341 meeting was unjustified under the circumstances. Therefore, fees for $1,155.50 related to preparing for and attending Debtor's 341 meeting are allowed.

*10. General Chapter 13 Tasks*

Debtor next argues that fees asserted in connection with reviewing documents and communicating status of the case to Oxford are excessive. The fees at issue relate to attorney and paralegal time spent analyzing records, reviewing Debtor's schedules (as amended from time to time) and proposed plans filed, court appearances in connection with Debtor's plan, and time spent communicating with Debtor's counsel, Oxford, or others in connection with the bank's claim. Debtor argues that a total of 16.7 hours billed in connection with these types of tasks should be reduced to an amount that is reasonable to account for the types of tasks involved:

| | | | |
|---|---|---|---|
| 1/29/2014 | 0.6 hours @ $275.00/hour | analyze bankruptcy filing; draft correspondence to client | = $165.00 |
| 1/29/2014 | 0.5 hours @ $150.00/hour | receipt and review of notice of automatic stay; download current filings with court; | = $75.00 |
| 1/30/2014 | 0.3 hours @ $275.00/hour | discuss sheriff sale strategy analyze insurance policies re property | = $82.50 |
| 1/31/2014 | 1.3 hours @ $150.00/hour | review case docket, determine status and deadlines; prepare attorney appearance; draf notice and order for motion to lift stay | = $195.50 |
| 2/11/2014 | 0.3 hours @ $275.00/hour | analyze bankruptcy schedules | = $82.50 |
| 2/12/2014 | 0.4 hours @ $275.00/hour | analyze proposed plan | = $110.00 |
| 2/12/2014 | 0.2 hours @ $275.00/hour | draft status email to client | = $55.00 |
| 2/12/2014 | 0.6 hours @ $275.00/hour | analyze bankruptcy schedules | = $165.00 |
| 2/26/2014 | 0.2 hours @ $275.00/hour | draft status email to client | = $55.00 |
| 3/5/2014 | 1.0 hours @ $275.00/hour | analyze public records and bankruptcy schedules | = $275.00 |

14

| Date | Hours | Description | Amount |
|---|---|---|---|
| 3/10/2014 | 0.2 hours @ $275.00/hour | draft status to client | = $55.00 |
| 3/19/2014 | 0.6 hours @ $275.00/hour | draft status letter to client | = $165.00 |
| 3/26/2014 | 0.3 hours @ $275.00/hour | multiple calls and emails w potential expert re: assignment | = $82.50 |
| 3/26/2014 | 0.3 hours @ $275.00/hour | telephone conference with client re: arrearage and new mortgage payment | = $82.50 |
| 3/26/2014 | 0.1 hours @ $275.00/hour | telephone conference with client re: same [mortgage payments] | = $27.50 |
| 3/27/2014 | 0.2 hours @ $275.00/hour | telephone conference with client re: same [lien avoidance motions] | = $55.00 |
| 3/27/2014 | 0.4 hours @ $275.00/hour | draft proposal to Bank re: settlement and bankruptcy plan | = $110.00 |
| 4/2/2014 | 1.7 hours @ $275.00/hour | court hearing on plan confirmation | = $467.50 |
| 4/2/2014 | 0.3 hours @ $275.00/hour | multiple conferences with debtor's counsel and creditors re: same [plan confirmation] | = $82.50 |
| 4/2/2014 | 0.3 hours @ $275.00/hour | draft correspondence to client re: same [plan confirmation] | = $82.50 |
| 4/3/2014 | 0.2 hours @ $275.00/hour | draft correspondence to client | = $55.00 |
| 4/9/2014 | 0.2 hours @ $275.00/hour | correspondence with debtor's counsel re: property inspection | = $55.00 |
| 4/11/2014 | 0.2 hours @ $275.00/hour | correspondence with debtor's counsel re: property inspection | = $55.00 |
| 4/14/2014 | 0.3 hours @ $275.00/hour | correspondence with debtor's counsel re: property inspection | = $82.50 |
| 4/25/2014 | 0.3 hours @ $275.00/hour | draft correspondence to client re: same [pretrial stipulations] | = $82.50 |
| 4/29/2014 | 0.3 hours @ $275.00/hour | draft correspondence to client re: same [direct examination] | = $82.50 |
| 4/30/2014 | 0.3 hours @ $275.00/hour | telephone conference with debtor's counsel re: trial procedure | = $82.50 |
| 5/2/2014 | 0.2 hours @ $275.00/hour | draft status letter re: same [trial] | = $55.00 |
| 5/7/2014 | 1.2 hours @ $275.00/hour | court hearing on debtor's continued motion for confirmation | = $330.00 |
| 5/29/2014 | 0.2 hours @ $275.00/hour | correspondence with debtor's counsel re: amended plan | = $55.00 |
| 6/5/2014 | 2.1 hours @ $275.00/hour | analyze amended plan; correspondence to client re same | = $577.50 |
| 6/9/2014 | 0.3 hours @ $275.00/hour | multiple correspondences with debtor's counsel and with client | = $82.50 |
| 6/10/2014 | 0.3 hours @ $275.00/hour | analyze modified plan | = $82.50 |

| Date | Time/Rate | Description | Amount |
|---|---|---|---|
| 6/11/2014 | 0.5 hours @ $275.00/hour | analyze modified plan and correspondence to client | = $137.50 |
| 6/11/2014 | 1.0 hours @ $275.00/hour | court hearing on confirmation of modified plan | = $275.00 |
| 6/11/2014 | 0.1 hours @ $275.00/hour | draft correspondence to client re: same [court hearing] | = $27.50 |
| 6/30/2014 | 0.2 hours @ $275.00/hour | analyze amended plan | = $55.00 |
| 6/30/2014 | 0.2 hours @ $275.00/hour | outline notes re: same [amended plan] | = $55.00 |
| | | TOTAL | $4,698.00 |

However, Debtor provided no basis for concluding that the fees objected to are unreasonable under the circumstances. Therefore, fees for $4,698.00 will be allowed.

*11. Motion to Lift Stay*

Finally, Debtor objects to attorney fees and expenses charged in connection with Oxford's motion to lift the stay. The following legal fees claimed by Oxford in connection with the motion to lift stay proceedings are grossly excessive, redundant and will be reduced:

| Date | Time/Rate | Description | Amount |
|---|---|---|---|
| 1/30/2014 | 0.3 hours @ $275.00/hour | telephonic conference with client re: litigation strategy | = $82.50 |
| 1/30/2014 | 2.3 hours @ $275.00/hour | begin drafting argument section on motion to lift stay | = $635.50 |
| 1/31/2014 | 2.0 hours @ $275.00/hour | finish first draft of argument section on motion to lift stay | = $550.00 |
| 1/31/2014 | 1.3 hours @ $275.00/hour | begin drafting preliminary statement of the same | = $357.50 |
| 2/3/2014 | 4.3 hours @ $275.00/hour | finish drafting preliminary statement, argument section, and fact section of motion to lift stay | = $1,182.50 |
| 2/4/2014 | 0.7 hours @ $275.00/hour | edit, revise and finalize motion to lift stay; correspondence with client re: same | = $192.50 |
| 2/4/2014 | 0.2 hours @ $125.00/hour | electronically file the motion | = $25 |
| 2/5/2014 | 0.5 hours @ $275.00/hour | draft proposed order to motion to lift stay | = $137.50 |
| 2/12/2014 | 1.3 hours @ $275.00/hour | court appearance on motion to lift stay[2] | = $357.50 |
| 2/12/2014 | 0.5 hours @ $275.00/hour | amend lift stay motion pursuant to court's suggestions[3] | = $137.50 |

---

[2] Oxford's motion was denied without prejudice for failure to attach the required statement to accompany all motions for stay relief. (*See* Dkt. 37.)

[3] Oxford filed refiled the motion, not an amended motion. (*See* Dkts. 31, 32)

16

| Date | Time & Rate | Description | Amount |
|---|---|---|---|
| 2/26/2014 | 1.7 hours @ $275.00/hour | attend court hearing on motion to lift stay | = $467.50 |
| 3/7/2014 | 3.0 hours @ $275.00/hour | analyze debtor response; begin drafting reply | = $825.00 |
| 3/11/2014 | 4.3 hours @ $275.00/hour | finalize reply; correspondence with client re: same | = $1,182.50 |
| 3/12/2014 | 0.2 hours @ $125.00/hour | electronically filed reply | = $25.00 |
| 3/18/2014 | 1.0 hours @ $275.00/hour | prepare for oral argument on motion to lift stay | = $275.00 |
| 3/19/2014 | 0.3 hours @ $275.00/hour | prepare for court | = $82.50 |
| 3/19/2014 | 1.5 hours @ $275.00/hour | attend hearing on motion to lift stay | = $412.50 |
| 3/21/2014 | 2.1 hours @ $275.00/hour | prepare for April 4, 2014 trial on motion to lift stay, draft correspondence to client | = $577.50 |
| 3/25/2014 | 1.1 hours @ $275.00/hour | outline direct examination of trial expert | = $302.50 |
| 3/25/2014 | 1.0 hours @ $275.00/hour | draft stipulated facts and trial statement | = $275.00 |
| 3/25/2014 | 1.2 hours @ $275.00/hour | outline direct examination of client | = $330.00 |
| 3/27/2014 | 0.6 hours @ $275.00/hour | prepare for 4-7-14 trial | = $82.50 |
| 4/1/2014 | 0.1 hours @ $275.00/hour | communication with debtor's counsel re: settlement | = $27.50 |
| 4/1/2014 | 0.2 hours @ $275.00/hour | communication with client re: 4-7-14 trial | = $55.00 |
| 4/1/2014 | 0.5 hours @ $275.00/hour | prepare for 4-2-14 hearing | = $137.50 |
| 4/3/2014 | 0.3 hours @ $275.00/hour | multiple telephone calls with debtor's counsel re: possible global settlement and postponement of motion to lift stay | = $82.50 |
| 4/3/2014 | 0.3 hours @ $275.00/hour | telephone conference with the court's clerk re: same | = $82.50 |
| 4/3/2014 | 0.3 hours @ $275.00/hour | draft order continuing motion to lift stay[4] | = $82.50 |
| 4/3/2014 | 0.2 hours @ $275.00/hour | analyze proposed order to continue disclosure of documents | = $55.00 |
| 4/7/2014 | 0.8 hours @ $275.00/hour | court hearing regarding continuance of motion to lift stay | = $220.00 |
| 4/9/2014 | 0.3 hours @ $275.00/hour | telephone conference with trial | = $82.50 |

---

[4] On April 4, 2014, Debtor filed a motion for entry of an agreed order rescheduling the evidentiary hearing set for April 7, 2014 to May 2, 2014. (*See* Dkts. 90, 92.)

17

| Date | Hours/Rate | Description | Amount |
|---|---|---|---|
| 4/22/2014 | 0.3 hours @ $275.00/hour | expert telephone conference with expert re: status of expert report | = $82.50 |
| 4/25/2014 | 0.4 hours @ $275.00/hour | conf with debtor's counsel re: pretrial stipulations | = $110.00 |
| 4/25/2014 | 2.1 hours @ $275.00/hour | draft, edit, and revise pretrial statement and gather all trial exhibits | = $577.50 |
| 4/28/2014 | 2.9 hours @ $275.00/hour | draft, edit, and finalize opening statement in preparation for 5-2-14 trial | = $797.50 |
| 4/28/2014 | 3.6 hours @ $275.00/hour | finalize joint pretrial statement including analyzing parties' exhibits and objections thereto; multiple emails and calls; finalize and serve the same; correspondence with client re: same | = $990.00 |
| 4/28/2014 | 4.0 hours @ $150.00/hour | preparation of binder of exhibits, including cross checking all exhibits with pretrial statement; correspondence to judge providing copy of exhibits per trial order | = $600.00 |
| 4/29/2014 | 3.6 hours @ $275.00/hour | Prepare for and draft direct exam of client | = $990.00 |
| 4/29/2014 | 1.3 hours @ $275.00/hour | outline and develop cross examination of debtor's spouse | = $357.50 |
| 4/29/2014 | 1.3 hours @ $275.00/hour | outline and develop cross examination of debtor | = $357.50 |
| 4/30/2014 | 0.3 hours @ $275.00/hour | correspondence with expert re: trial preparation | = $82.50 |
| 4/30/2014 | 2.1 hours @ $275.00/hour | draft trial outline for expert | = $577.50 |
| 4/30/2014 | 2.2 hours @ $275.00/hour | draft outline of closing statement for May 2, 2014 trial | = $605.00 |
| 5/1/2014 | 6.5 hours @ $275.00/hour | prepare for May 2, 2014 trial, including examination of all exhibits, outlining opening statement, closing statement, and direct testimony | = $1,787.50 |
| 5/1/2014 | 0.4 hours @ $275.00/hour | multiple emails and telephone calls with client/witness | = $110.00 |
| 5/1/2014 | 0.3 hours @ $275.00/hour | correspondence with expert re: trial testimony | = $82.50 |
| 5/1/2014 | 0.7 hours @ $150.00/hour | preparation of binder of exhibits for use by witness during trial | = $105.00 |
| 5/2/2014 | 2.0 hours @ $275.00/hour | prepare client/witness for trial | = $550.00 |

| | | | |
|---|---|---|---|
| 5/2/2014 | 1.5 hours @ $275.00/hour | testimony prepare expert for trial testimony | = $412.50 |
| 5/2/2014 | 4.2 hours @ $275.00/hour | represent client at trial | = $1,155.00 |
| 5/5/2014 | 1.9 hours @ $275.00/hour | edit and revise closing argument after conclusion of trial | = $522.50 |
| 5/6/2014 | 2.5 hours @ $275.00/hour | attend and conduct closing argument on motion to lift stay, correspondence to client re: same | = $687.50 |
| 5/7/2014 | 1.2 hours @ $275.00/hour | court hearing on debtor's continued motion for confirmation of plan | = $330.00 |
| | | TOTAL | $21,190.50 |

Oxford's claim of $21,190.50 in attorney fees in connection with its single motion to lift the stay (which it lost) and the evidentiary hearing conducted to determine the value of Debtor's home (which resulted in agreement) is excessive in light of the value results and questionable value provided or the amount of work needed to protect Oxford's interest in this matter.

After reviewing the itemized fees listed above and considering the matters at issue in Oxford's motion to lift the stay, the court's own docket and experience in dealing with similar motions, the court finds that Oxford is entitled to no more than half of the legal fees claimed in connection with its motion to lift the stay, rounded to $10,600.00. The balance of claimed fees will be disallowed.

## CONCLUSION

Pursuant to the foregoing, the following postpetition mortgage fees, expenses, and charges are disallowed:

| | |
|---|---|
| *Motion by another creditor* | $412.50 |
| *Motions to avoid other creditor liens* | $4,572.50 |
| *Objections to Debtor's plan* | $2,915.00 |
| *Transmittal of mortgage payments* | $190.00 |
| *Unspecified tasks and expenses* | $924.78 |
| *Motion to lift stay (in part)* | $10,590.50 |
| **TOTAL** | **$19,605.28** |

19

Debtor's objections to the remaining $21,329.17 claimed by Oxford in its Notice of Postpetition Mortgage Fees, Expenses, and Charges are overruled, and such amounts will be allowed as part of Oxford's secured claim by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 4th day of February, 2016

FEB - 4 2016